JAMES NICHOLS v. THOMAS J. PILGRIM, ADM'R.

Where the plaintiff claims a partition of land between himself and his vendor, basing his title upon a parol sale made before the Act of 1840, concerning conveyances, if the contract of sale was so completely executed as to vest the title in the plaintiff under the laws then in force, the defence of limitation, applicable to such suit, is the same as in a like action for partition where the vendee claims by conveyance in writing, and not such as is applicable to an action for specific performance of a contract to convey.

Error from Gonzales. Tried below before the Hon. Fielding Jones.

The town of Seguin was originally divided into shares, to each of which was attached a condition, that the owner should build a house and attend with arms to defend the town; with a provision that no one could own more than one share unless he would get some other person to perform the annexed condition; except Joseph S. Martin, who sold the tract and reserved a number of shares exempt from said condition; but if he sold any of his shares, they became subject to said condition. Each share consisted of ten building lots, three one-acre lots, two five-acre timber lots and three twelve-acre farming lots. Share No. 10 was one of Martin's reserved shares, and was sold by Martin to James Campbell in 1839, under promise of the latter to let Mr. E. Bolinger have it; but Bolinger was killed before he took it;

and then Campbell got James Nichols to fulfil the duties required, agreeing verbally that said Nichols might own one-half of said share No. 10, if he would perform the conditions attached thereto. Nichols fully performed the contract; but Campbell died in the latter part of the year 1840, not having given Nichols any written conveyance. Nichols had built a house on one of the lots in 1839 and occupied it, but how long he continued to do so was not shown; owing probably to the fact that in making out the statement of facts the Clerk copied literally the answers of the witnesses to interrogatories, and did not copy the interrogatories.

On the 5th of September, 1854, Nichols brought this suit, alleging the facts aforesaid, and praying for a partition, and that the administrator of Campbell be decreed to convey to plaintiff his part.

Defendant answered by general demurrer, and for special cause assigned, that said claim was stale, and barred by limitation. Also by general denial, and by plea that said agreement, if ever made, was abandoned, and plaintiff long since paid for his services in the premises; also plea of the statute of limitations.

Plaintiff amended by alleging as an excuse for the long delay in bringing said suit, that said share and others had been in litigation since 1844, in a suit by Campbell's administrator against Andrew Neill in Gonzales county District Court, which was still pending.

The Court overruled the demurrer; plaintiff proved his allegations, and the Court instructed the jury as follows:—

If the jury believe that the contract under which the plaintiff claims, was made more than ten years previous to the institution of this suit, you should find for the defendant.

Verdict and judgment for the defendant. Writ of error by plaintiff.

*J. Ireland*, for plaintiff in error. The Court overruled the demurrer, which settled the law in favor of the plaintiff; but in the charge to the jury, the law was determined in favor of the defendant. The charge assumes that plaintiff was suing for specific performance, when such was not the fact; he sues for partition. The plaintiff had a vested right, requiring no act on the part of the defendant to make it more complete. The question involves the validity of a parol sale of real estate before the

passage of the Act concerning conveyances of 1840. But this is not an open question in this Court. (Lynch v. Baxter, 4 Tex. R. 431, and cases there cited.) To be sure it was a conditional sale, but the condition was subsequent; and upon performance of it the estate vested absolutely in Nichols. (Shep. Touch. side p. 118.)

*Mills*, for defendant in error. If we consider the plaintiff's pleading as a bill for partition, still the Court will apply by analogy the law of limitation of the Forum; there being no express limitation to bills for partition; (De Cordova v. Smith, 9 Tex. R. 129;) the longest period of limitation known to our law being ten years.

If the petition be considered as a bill for specific performance of the parol agreement between Nichols and Campbell, made in 1839, then the delay must be accounted for by some equitable considerations. (9 Tex. R. 239; Id. 129; see Smith v. Hampton, 13 Id. 462 and 463.) The existence of the suit between Keese the former administrator and Neill for the share No. 10 was a good reason for vigilance on the part of Nichols in asserting his claims, and not slothfulness. The administration of Campbell was open.

But it is said, prior to our statute of frauds January 18th, 1840, a parol sale of lands was good; but possession was necessary. (Briscoe v. Bronaugh, 1 Tex. R. 326.)

Here counsel argued that the proof did not show that Nichols had been put in possession of his share by Campbell; and that, as he left the settlement in 1842 or 1843, he had not performed the conditions of the sale.

Then, if the fact of possession by Nichols was not proved, or the conditions of the parol grant not performed, the charge of the Judge below was not incorrect: in the former case, he had no title; in the latter, his equity could not be enforced.

WHEELER, J. The decision was made to turn on the lapse of time between the making of the contract and the bringing of the suit. If it were to be regarded simply as a suit for the specific performance of a contract, the decision would, perhaps, be correct. (9 Tex. 129, 239; 13 Id. 462.) But if the contract was completely executed by payment or performance of the consideration, and the vendee going into possession, inasmuch as it was not necessary at that time, (it being before the adoption of the

Common Law and the statute of frauds,) that a sale of land should be evidenced by writing; if nothing remained but to partition the shares between the proprietors, the present is to be regarded as a suit for the partition of land, to which the plaintiff is entitled by virtue of the parol sale. And if there has been no adverse possession, the lapse of time will not operate as a bar to the action. There is reason to apprehend that the facts, on which the rights of the parties depend, have not been brought as distinctly to view as they might be upon another trial; and although it does not very clearly appear what was the nature and extent of the plaintiff's possession; yet the fair inference from the evidence is, that he did have possession under the contract. The right of the plaintiff, it seems, must depend on the question whether the contract of sale was so completely executed as to vest in him the title. This question seems to have been lost sight of upon the trial; and the Court, regarding the suit as one solely for specific performance, made the decision turn upon the question of time. This we think was error; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.